ORIGINAL

1  M. CORY BROWN, ESQ. (Bar No. 115472)
   mcbrown@higgslaw.com
2  MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
   gibsonm@higgslaw.com
3  HIGGS, FLETCHER & MACK LLP
   401 West "A" Street, Suite 2600
4  San Diego, CA 92101-7913
   TEL: 619.236.1551
5  FAX: 619.696.1410

   FILED
   2008 AUG 22  PM 2:18
   CLERK US DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
   BY_____ DEPUTY

   08 CV 1559 BTM WMc

6  Attorneys for Defendants
   RSM McGladrey Financial
7  Process Outsourcing LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOT WINC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RSM McGLADREY FINANCIAL PROCESS OUTSOURCING, LLC, and DOES 1 to 50, inclusive,<br><br>Defendants. | CASE NO. _____<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AT SAN DIEGO:**

**PLEASE TAKE NOTICE** that Defendant, RSM McGladrey Financial Process Outsourcing, LLC ("FPO") reserving all rights, defenses, exceptions and claims, and without waiver thereof, hereby removes to this Court the state-court action described in paragraph 1 below pursuant to 28 U.S.C.A. §§ 1441 and 1446. In support of this Notice of Removal, FPO states as follows:

1.  The removed case is a civil action originally filed on or about June 6, 2008, in the Superior Court of California, County of San Diego, having been assigned Case No.37-2008-00088083, and styled as *Hoot Winc, L.L.C. v. RSM McGladrey Financial Process Outsourcing, L.L.C.* ("Complaint" attached as Exhibit "A"). The Summons and Complaint are the only

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

871768.3                                                                        Case No. _____

1  process, pleading or orders served on FPO in the state court action and are attached hereto as
2  Exhibit "A."
3     2.   FPO was served with the Complaint and Summons via its registered agent on
4  July 24, 2008. Pursuant to 28 U.S.C.A. § 1446(b) this Notice of Removal is timely filed within
5  30 days after the receipt by FPO of the Summons and Complaint.

## Diversity of Citizenship

7     3.   This action is one in which the district courts of the United States have original
8  jurisdiction by virtue of 28 U.S.C.A. § 1332 as there is complete diversity of citizenship between
9  the parties.
10    4.   According to the Complaint, Plaintiff Hoot Winc LLC is a Kansas limited liability
11 company with its principal place of business in Oceanside, California. (Complaint ¶ 1.) Upon
12 information and belief, the sole ownership interest in Hoot Winc LLC is held by a California
13 resident.
14    5.   FPO is a Minnesota limited liability company. (Complaint ¶2.) The sole
15 ownership interest in FPO is held by Quatrro F&A Solutions, Inc., a Florida corporation with its
16 principal place of business in Florida. (Declaration of M. Cory Brown ¶¶3,4, filed concurrently
17 herewith.)
18    6.   The Complaint also makes reference to defendants "Does 1-50." However, for
19 purposes of evaluating diversity of citizenship, "the citizenship of defendants sued under fictitious
20 names shall be disregarded." 28 U.S.C.A. §1441(a).
21    7.   Consequently, there is complete diversity of citizenship between the parties.

## Amount in Controversy

23    8.   Although FPO denies Hoot Winc's claims and denies that it is liable to Hoot Winc
24 for any amount, Hoot Winc, on the face of its Complaint, seeks at least $4,500,000 in damages,
25 exceeding the jurisdictional threshold. (Complaint ¶ 11.) 28 U.S.C. § 1332.
26    9.   Because this is a civil action that falls under this Court's original jurisdiction under
27 28 U.S.C. § 1332 (diversity of citizenship), it is one that may be removed to this Court by
28 defendant in accordance with the provisions of 28 U.S.C. § 1441(b).

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

871768.3                                2                            Case No. _____

**Procedural Requirements**

10. Removal of this action to this Court is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division within which the removed state-court action was pending.

11. Promptly upon filing this Notice of Removal with this Court, FPO will give notice of the removal to all adverse parties, and will file a copy of the Notice of Removal with the Clerk of Court for the Superior Court of California, County of San Diego, in conformity with 28 U.S.C. § 1446(b).

12. FPO reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant RSM McGladrey Financial Process Outsourcing, LLC hereby gives notice of the removal of the above-referenced action and respectfully prays that this Court assume full jurisdiction over the cause herein as provided by law, and asks that this action proceed in this Court as a matter properly removed thereto.

DATED: August 21, 2008

HIGGS, FLETCHER & MACK LLP

By: _____
M. CORY BROWN, ESQ.
MICHAEL R. GIBSON, ESQ.
Attorneys for Defendants
RSM McGladrey Financial
Process Outsourcing LLC

Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RSM MCGLADREY FINANCIAL PROCESS OUTSOURCING, LLC, a limited liability company; and DOES 1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HOOT WINC, L.L.C., a Kansas limited liability company,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2008 JUL 21  P 4: 30

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
  Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego County Superior Court
Hall of Justice Courthouse
330 West Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2008-00088083-CU-PN-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Avenatti, Bar No. 206929          (949) 706-7000   (949) 706-7050
EAGAN O'MALLEY & AVENATTI, LLP
450 Newport Center Drive, Second Floor
Newport Beach, CA 92660

DATE: July 21, 2008            Clerk, by   J. Walters          , Deputy
*(Fecha)* JUL 21 2008          *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under:  ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  EAGAN O'MALLEY & AVENATTI, LLP
   MICHAEL Q. EAGAN, Bar No. 63479
2  MICHAEL J. AVENATTI, Bar No. 206929
   ALEXANDER L. CONTI, Bar No. 155945
3  450 Newport Center Drive
   Second Floor
4  Newport Beach, CA 92660
   Tel:  (949) 706-7000
5  Fax:  (949) 706-7050

6

7  Attorneys for Plaintiff
   HOOT WINC, L.L.C.

8

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       FOR THE COUNTY OF SAN DIEGO

12

13  HOOT WINC, L.L.C., a Kansas limited liability     Case No. 37-2008-00088083-CU-PN-CTL
    company,
14
                Plaintiff,                            ASSIGNED FOR ALL PURPOSES TO:
15
          v.
16                                                    COMPLAINT FOR DAMAGES FOR:
    RSM MCGLADREY FINANCIAL PROCESS
17  OUTSOURCING, LLC, a limited liability             1.   Professional Negligence
    company; and DOES 1 to 50, inclusive,             2.   Breach of Contract
18
                Defendants.                           JURY TRIAL DEMANDED
19

1   Comes now Plaintiff HOOT WINC, L.L.C. ("Plaintiff") and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is a Kansas limited liability company qualified to do business in the State of California with its principal offices located within San Diego County at 3186 Vista Way, Suite 200, Oceanside, California 92056.

2. Plaintiff is informed and believes and thereon alleges that Defendant RSM McGladrey Financial Process Outsourcing, LLC ("RSM") is a limited liability company located in Minnesota, which provides accounting and financial services throughout the United States, including in California and San Diego County. RSM provided accounting and financial services to Plaintiff commencing in approximately December 2005. As a result of RSM repeatedly failing to adhere to the requisite standard of care in providing such services and recklessly disregarding and breaching numerous contractual duties owed to Plaintiff, Plaintiff ultimately terminated its business relationship with RSM in approximately December 2006. Plaintiff now sues herein for the damage done to it by RSM.

3. The true names and capacities of the defendants DOES 1 through 50, inclusive, whether individual, plural, corporate, partnership, associate or otherwise, are not known to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will ask leave of court to amend this Complaint to show the true names and capacities of defendants DOES 1 through 50, inclusive, when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as DOE is negligently, wantonly, recklessly, tortiously, and unlawfully responsible in some manner for the events and happenings herein referred to and negligently, wantonly, recklessly, tortiously, and unlawfully proximately and legally caused injuries and damages to Plaintiff as herein alleged.

4. Plaintiff is also informed and believes and thereon alleges that DOES 1 to 10 were the agents and/or alter egos of Defendant RSM, at all times herein relevant, and that they are therefore liable for the acts and omissions of Defendant RSM.

5. This Court has jurisdiction over the Defendants and each of them by reason of the fact that said Defendants have transacted and conducted substantial business in the State of California, many of the acts alleged herein occurred in the State of California, Plaintiff's injury occurred in the State of California, and because a substantial part of the events giving rise to these claims arose in California, including within the County of San Diego.

### FIRST CAUSE OF ACTION FOR PROFESSIONAL NEGLIGENCE
### (AGAINST DEFENDANTS RSM AND DOES 1-10)

6. Plaintiffs re-allege each and every allegation in the foregoing paragraphs as if fully set forth herein.

7. On or about December 28, 2005, Defendant RSM was engaged by Plaintiff to provide a vast array of accounting and financial services relating to Plaintiff's business. These financial and accounting services included but were not limited to the following: (a) invoice entry; (b) invoice coding; (c) weekly accounts payable and cash requirements; (d) payment selection; (e) vendor statement validation; (f) vendor maintenance; (g) check preparation and mailing; (h) invoice processing; (i) employee expense reports; (j) preparation of 1099s; (k) daily cash deposition verification; (l) bank reconciliations; (m) other deposit verification; (n) sales data review; (o) sales tax payments and filing returns; (p) real estate tax payments; (q) personal property tax payments and returns; (r) accrual entries; (s) support for auditors; (t) support for year end tax preparation; (u) financial statement preparation and reports; and (v) payroll functions.

8. The accounting and financial services Plaintiff retained RSM to provide were described as "core services" and required RSM to exercise due care as to numerous aspects of Plaintiff's key accounting and financial functions. Because the services in question included various accounting functions, they constituted services that affected the public interest. As part of inducing Plaintiff to hire RSM to provide the services in question, RSM claimed, among other things, (a) to have expertise in the provision of such services and (b) that by hiring RSM to provide such services, Plaintiff would experience a marked improvement in terms of the efficient and cost effective handling of those services.

9. RSM's provision of services required it to provide, among other things, regular, timely and competent financial updates to Plaintiff; to keep abreast of the details of Plaintiff's accounting and financial business; to ensure that all financial matters entrusted to it were handled accurately, efficiently, and timely; and to otherwise manage competently the specific accounting and financial functions Plaintiff had hired RSM to perform. In undertaking and executing the vast array of services listed above for Plaintiff, RSM owed to Plaintiff a duty of professional care to use such skill, care, and diligence as other Certified Public Accountants (CPAs) commonly possess and exercise. RSM's duties included, but were not limited to, (a) maintaining and recording Plaintiff's financial transactions in accordance with Generally Accepted Accounting Procedures ("GAAP") and RSM's own internal manuals, training, memoranda, and policies and procedures; (b) keeping accurate records of the various financial and accounting matters which Plaintiff entrusted to it; (c) ensuring that Plaintiff's financial and accounting affairs were kept in proper order; (d) providing proper supervision of the financial and accounting affairs of Plaintiff; and (e) providing timely and complete financial statements and reports to Plaintiff so as to enable Plaintiff to make informed business decisions relating to Plaintiff's operations, capital expenditures and expansion. These duties also included a requirement that RSM refrain from reckless and/or negligent acts and that RSM place the interests of Plaintiff above its own interests.

- 3 -
COMPLAINT AND DEMAND FOR TRIAL BY JURY

10. Despite the duties of professional care RSM owed to Plaintiff, RSM failed to use such degree of professional care commonly possessed and exercised by other CPAs, by commission, or omission, of the following acts:

   a) Failing to administer Plaintiffs' accounting, financial and tax affairs with proper prudence and with requisite skill, resulting in significant damage to Plaintiff;

   b) Improperly and recklessly supervising, entrusting, permitting, maintaining, and/or servicing Plaintiff's accounting and financial affairs;

   c) Failing to properly maintain accurate business records and failing to monitor Plaintiff's business, accounting, and financial records as required;

   d) Failing to undertake competently most, if not all, of the vast array of services listed above in paragraph 7; and/or

   e) Failing to place Plaintiff's interests before their own economic interests in handling, directing, and/or controlling transactions purportedly made on behalf of Plaintiff.

11. The conduct of RSM was not only negligent, but wanton and reckless. As a direct and proximate result of RSM's repeated breaches of the duties owed to Plaintiff as alleged herein, Plaintiff has been damaged in an amount to be proven at trial in excess of $4.5 million dollars, plus post and pre-judgment interest and the costs of suit. Accordingly, Plaintiff seeks judgment against RSM and Does 1 to 10 in an amount in excess of $4.5 million according to proof at trial.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT
(AGAINST DEFENDANTS RSM AND DOES 11-20)

12. Plaintiffs re-allege each and every allegation in the foregoing paragraphs as if fully set forth herein.

13. In connection with Plaintiff retaining RSM to provide the vast array of financial and accounting services referenced herein, Plaintiff and RSM entered into a services contract. Under the terms of the contract between Plaintiff and RSM, not only was RSM obligated to provide its services in the manner described above, but the parties agreed and contracted that if Plaintiff terminated RSM

1  for cause, then RSM was required to pay to Plaintiff the sum of $50,000. This $50,000 sum was
2  required to be paid simply as a transition fee and RSM was obligated to make this payment in addition
3  to all other damages Plaintiff may have suffered as a result of RSM's conduct.

5      14.    In approximately December 2006, Plaintiff terminated RSM for cause as a result of
6  RSM's repeated reckless and negligent violations of the standard of care and duties owed Plaintiffs as
7  described in Paragraphs 7-10 above. Prior to terminating RSM, Plaintiff had performed all obligations
8  on its behalf that were required to be performed, except those, if any, that had been excused.

10      15.    As a result of Plaintiff terminating RSM for cause, Plaintiff ceased providing services
11  to Plaintiff. Despite being terminated for cause, however, RSM has failed to pay the $50,000
12  termination fee.

14      16.    As a direct and proximate result of RSM's repeated breaches of its professional duties
15  of care owed to Plaintiff and breach of the contract with Plaintiff, as alleged herein, Plaintiff has been
16  damaged in an amount to be proven at trial in excess of $4.5 million dollars, including the $50,000
17  termination fee, plus post and pre-judgment interest and the costs of suit. Accordingly, Plaintiff seeks
18  judgment against RSM and Does 11 to 20 in an amount in excess of $4.5 million according to proof at
19  trial.

22      WHEREFORE, Plaintiff prays for judgment as follows:

### ON THE FIRST CAUSE OF ACTION:

25      1.    For compensatory damages according to proof;
26      2.    For attorneys' fees and costs of suit;
27      3.    For pre-judgment interest;
28      4.    For post-judgment interest; and

5. For such other relief as is just and proper.

### ON THE SECOND CAUSE OF ACTION:

1. For compensatory damages according to proof;
2. For the additional sum of $50,000 as a result of the "for cause" termination of RSM by Plaintiff;
3. For attorneys' fees and costs of suit;
4. For pre-judgment interest;
5. For post-judgment interest; and
6. For such other relief as is just and proper.

Dated: July 21, 2008                               EAGAN O'MALLEY & AVENATTI, LLP

By: /s/ Michael J. Avenatti
MICHAEL J. AVENATTI
Attorneys for Plaintiff HOOT WINC, L.L.C.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial of all causes by jury.

DATED: July 21, 2008                               EAGAN O'MALLEY & AVENATTI, LLP

By /s/ Michael J. Avenatti
MICHAEL J. AVENATTI
Attorneys for Plaintiff HOOT WINC, L.L.C.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
HOOT WINC, LLC

## DEFENDANTS
RSM McGLADREY FINANCIAL PROCESS OURSOURCING

FILED
2008 AUG 22 PM 2:18
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___

'08 CV 1559 BTM WMc

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Hennepin**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
EAGAN, O'MALLEY & AVENATTI, LLP
450 Newport Center Drive
Second Floor
Newport Beach, California 92660
949.706-7000

Attorneys (If Known)
HIGGS, FLETCHER & MACK LLP
401 West "A" Street
Suite 2600
San Diego, California 92101
619.236-1551

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury - Product Liability |  | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act |  | [ ] 640 R.R. & Truck |  | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 480 Consumer Credit |
|  | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |  | [ ] 690 Other |  | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 850 Securities/Commodities/ Exchange |
| [X] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability |  |  | [ ] 862 Black Lung (923) |  |
| [ ] 196 Franchise | [ ] 360 Other Personal Injury | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
|  | [ ] 441 Voting / [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 442 Employment | [ ] 790 Other Labor Litigation |  | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 443 Housing/Accommodations / Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 444 Welfare / [ ] 530 General | IMMIGRATION | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land |  | [ ] 535 Death Penalty | [ ] 462 Naturalization Application |  |  |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & other |  | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee |  |  |
|  | / [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Alleged breach of contract

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 0.00
CHECK YES only if demanded in complaint:
[ ] JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE ___
DOCKET NUMBER ___

DATE: August 21, 2008
SIGNATURE OF ATTORNEY OF RECORD: Michael R. Gibson

FOR OFFICE USE ONLY
RECEIPT # 154377   AMOUNT $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

JMC 8/22/08

CSDJS44

```
            UNITED STATES
           DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

         # 154377    - TC

           August 22, 2008
              14:21:07


           Civ Fil Non-Pris
    USAO #.: 08CV1559
    Judge..: BARRY T MOSKOWITZ
    Amount.:                    $350.00 CK
    Check#.: BC23154



    Total-> $350.00



    FROM: HOOT WINC, LLC
          VS
          RSM MCGLADREY
```