M. CORY BROWN, ESQ. (Bar No. 115472)
mcbrown@higgslaw.com
MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
gibsonm@higgslaw.com
HIGGS, FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA 92101-7913
TEL:  619.236.1551
FAX:  619.696.1410

Attorneys for Defendant
RSM McGLADREY FINANCIAL
PROCESS OUTSOURCING, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOT WINC, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RSM McGLADREY FINANCIAL PROCESS OUTSOURCING, LLC, and DOES 1 to 50, inclusive, <br><br> Defendants. | CASE NO. 08 CV 1559 BTM WMc <br><br> **DEFENDANT RSM McGLADREY FINANCIAL PROCESS OUTSOURCING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM AGAINST HOOT WINC, LLC** |

Defendant RSM McGladrey Financial Process Outsourcing, LLC ("Defendant") for its answer to the complaint (the "Complaint") filed by Plaintiff Hoot Winc, LLC ("Plaintiff") admits, denies and avers as follows:

## **ANSWER**

1.  In response to Paragraph 1 of the Complaint, Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 1 and, on that basis, denies the same.

2.  In response to Paragraph 2 of the Complaint, Defendant admits that it is a Minnesota limited liability company. Defendant denies each and every remaining allegation set forth in Paragraph 2 of the Complaint and specifically denies that Plaintiff is entitled to any relief of any kind from or against Defendant.

3. In response to Paragraph 3 of the Complaint, Defendant denies each and every allegation contained therein. Further, Paragraph 3 contains legal conclusions to which no responsive pleading is necessary.

4. In response to Paragraph 4 of the Complaint, Defendant denies each and every allegation contained therein. Further, Paragraph 4 contains legal conclusions to which no responsive pleading is necessary.

5. In response to Paragraph 5 of the Complaint, Defendant states only that this case was properly removed to this Court pursuant to 28 U.S.C.A. section 1332. Defendant denies each and every remaining allegation set forth in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, Defendant incorporates by reference its answers to each foregoing paragraph as if fully set forth herein. To the extent a further response is deemed necessary, Defendant denies each and every allegation set forth in and implicated by Paragraph 6 of the Complaint.

7. In response to Paragraph 7 of the Complaint, Defendant admits that on or about December 29, 2005, it entered into a Services Agreement with Plaintiff and that it agreed to provide certain business support services to Plaintiff as set forth in the Services Agreement. Defendant further states that the Services Agreement speaks for itself. Defendant denies each and every remaining allegation in Paragraph 7 of the Complaint.

8. In response to Paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein. Further, Paragraph 8 contains legal conclusions to which no responsive pleading is necessary.

9. In response to Paragraph 9 of the Complaint, Defendant denies each and every allegation contained therein. Further, Paragraph 9 contains legal conclusions to which no responsive pleading is necessary.

10. In response to Paragraph 10 of the Complaint, including subparagraphs (a)-(e) thereof, Defendant denies each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff is entitled to any relief of any

kind from or against Defendant.

12. In response to Paragraph 12 of the Complaint, Defendant incorporates by reference its answers to each foregoing paragraph as if fully set forth herein. To the extent a further response is deemed necessary, Defendant denies each and every allegation set forth in and implicated by Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, Defendant admits that on or about December 29, 2005, it entered into a Services Agreement with Plaintiff and that it agreed to provide certain business support services to Plaintiff as set forth in the Services Agreement. Defendant further answers that the Services Agreement speaks for itself. Defendant denies each and every remaining allegation in Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint, Defendant denies each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff is entitled to any relief of any kind from or against Defendant.

17. In response to Plaintiff's prayer for judgment on the first and second causes of action set forth in the Complaint, Defendant denies each and every allegation and request for relief contained therein. Defendant further denies that Plaintiff is entitled to any relief of any kind from or against Defendant.

18. Defendant denies each and every allegation in the Complaint not heretofore specifically admitted.

## DEFENSES

As separate and distinct defenses to Plaintiff's Complaint, and each purported cause of action set forth therein, Defendant alleges as set forth below. In asserting these defenses, Defendant does not assume the burden of proof with any fact, proposition or issue where the burden properly is imposed upon Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiff's Complaint, and the alleged causes of action contained therein, fails to set forth facts sufficient to state a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part by the doctrine of waiver in that Plaintiff, by its knowledge, statements and conduct and the knowledge, statements and conduct of its agents, intentionally has waived its rights, either expressly or impliedly, to assert the causes of action, and each of them, set forth in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part by the doctrine of estoppel in that Plaintiff engaged in acts, omissions, silence or other conduct which are inconsistent with the claims Plaintiff now alleges and which induced Defendant's detrimental reliance thereon.

## FIFTH AFFIRMATIVE DEFENSE

### (Limitation of Liability)

To the extent Plaintiff establishes damages, which are expressly denied, those damages are barred or limited by the limitation of liability contained in the Services Agreement between the parties.

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part by the doctrine of unclean hands in that Plaintiff engaged in wrongful conduct in connection with the subject matter of this action and, therefore, is precluded from obtaining any legal or equitable relief.

## SEVENTH AFFIRMATIVE DEFENSE

### (Breach of Condition Precedent)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part by Plaintiff's failure to perform or satisfy one or all of the conditions precedent to the parties' agreement or contract, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part to the extent that Plaintiff had actual and/or constructive knowledge of the circumstances, events and transactions on which the Complaint is based, and Plaintiff expressly and/or impliedly accepted those circumstances and, therefore, ratified the conduct about which it now complains.

## NINTH AFFIRMATIVE DEFENSE

### (Full Performance)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part because Defendant fully performed any and all contractual, statutory and equitable duties required of it.

## TENTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part because Defendant reasonably performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Reliance Not Justified)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part because Plaintiff's reliance on the alleged representations and/or misrepresentations of Defendant was not justified.

### TWELFTH AFFIRMATIVE DEFENSE

### (Express Assumption of Risk)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part because, prior to suffering damages, if any, sustained as a result of the acts, events and circumstances alleged in the Complaint, Plaintiff expressly assumed any risk and agreed not to hold Defendant responsible for any damage or injury caused by a breach of duty owed by Defendant to Plaintiff with respect to the alleged agreements or contracts between Plaintiff and Defendant, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part by Plaintiff's comparative negligence and/or comparative fault.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part because Plaintiff failed to use reasonable care to reduce and minimize, as much as reasonably possible, the damages, if any, caused by the acts, events and circumstances alleged in the Complaint. By such failure to mitigate damages, Plaintiff directly and proximately caused the damages, if any, it allegedly sustained.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Economic Loss Doctrine)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part by the economic loss doctrine and/or economic loss rule.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part because the injuries or damages allegedly suffered by Plaintiff were the result of or caused by the acts or omissions of Plaintiff and/or its agents, by others over whom Defendant had no control or responsibility and/or by causes independent of the alleged acts or omissions on the part of Defendant, thereby eliminating or reducing Defendant's alleged liability.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part because Plaintiff was not harmed by, and sustained no damages because of, any of the alleged actions or omissions of Defendant, and Plaintiff has failed to state a claim for which general or special damages may be granted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Allocation of Non-Economic Damages)

To the extent Defendant is found liable to Plaintiff, which liability is expressly denied, then Defendant shall be responsible to Plaintiff only for the amount of non-economic damages allocated to Defendant in direct proportion to its percentage of fault.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of or Failure of Consideration)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part by a lack of, or failure of, consideration.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Justification, Privilege and Excuse)

Defendant's actions and omissions, if any, pertaining to the matters alleged in the Complaint were justified, privileged and/or excused based upon all relevant facts and circumstances known by Defendant at the time it so acted or refrained from acting. By reason thereof, Plaintiff may be barred in whole or in part from recovery on the causes of action set forth

in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Release)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part as a consequence of the acts, words, conduct and/or omissions of Plaintiff, which have released Defendant from liability for the claims alleged in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Damages Caused by Third Party)

Plaintiff's damages, if any, alleged in the Complaint were caused solely by the acts or omissions of third parties who were not employees or agents of Defendant, and the acts and omissions did not occur in connection with any contractual relationship existing directly or indirectly with Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's Complaint, and the alleged causes of action contained therein, may be barred in whole or in part because any award or relief to Plaintiff would result in its unjust enrichment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Venue)

Plaintiffs may have filed this action in an improper venue.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation)

Defendant reserves the right to rely on all further affirmative defenses that become available or appear during investigation and discovery in this action, and Defendant reserves the right to amend this Answer for the purpose of asserting any such additional affirmative defenses.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of its Complaint;
2. That Plaintiff's Complaint be dismissed with prejudice;

3. That Defendant be awarded a judgment in its favor on the Complaint;

4. That Defendant be awarded its costs, inclusive of attorneys' fees, incurred in this action; and

5. For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

### (Breach of Contract)

COMES NOW RSM McGladrey Financial Process Outsourcing, LLC ("FPO"), and asserts the following counterclaim against Hoot Winc, LLC ("Hoot Winc"):

1. FPO is a Minnesota limited liability company.

2. Hoot Winc is a Kansas limited liability company.

3. On or about December 29, 2005, FPO and Hoot Winc entered into a written Services Agreement (the "Agreement") whereby FPO agreed to provide certain business support services (the "services") to Hoot Winc.

4. Hoot Winc agreed to pay FPO for the services according to the fee and payment terms contained in the Agreement.

5. FPO performed services for Hoot Winc under the Agreement.

6. Hoot Winc failed to pay FPO for services performed in an amount in excess of $40,000.

7. In addition, and in further breach of the Agreement, Hoot Winc has failed to pay FPO a termination fee in an amount in excess of $20,000.

### PRAYER

WHEREFORE, RSM McGladrey Financial Process Outsourcing, LLC prays for judgment as follows:

1. That Defendant be awarded a judgment in its favor on the its Complaint;

2. That the court enter judgment against defendant Hoot Winc for actual damages in the amount to be proven at trial; prejudgment and post-judgment interest; costs of suit; and

///

///

3. For any and all other relief the Court deems appropriate.

DATED: August 27, 2008

HIGGS, FLETCHER & MACK LLP

By: /s/ M. Cory Brown
M. CORY BROWN, ESQ.
MICHAEL R. GIBSON, ESQ.
Attorneys for Defendant
RSM McGLADREY FINANCIAL
PROCESS OUTSOURCING, LLC

1  M. CORY BROWN, ESQ. (Bar No. 115472)
   mcbrown@higgslaw.com
2  MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
   gibsonm@higgslaw.com
3  HIGGS, FLETCHER & MACK LLP
   401 West A Street, Suite 2600
4  San Diego, CA 92101-7913
   TEL:  619.236.1551
5  FAX:  619.696.1410

6  Attorneys for Defendant
   RSM McGLADREY FINANCIAL
7  PROCESS OUTSOURCING, LLC

8

                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA

| HOOT WINC, LLC, | CASE NO. 08 CV 1559 BTM WMc |
|---|---|
| Plaintiff, | |
| v. | |
| RSM McGLADREY FINANCIAL PROCESS OUTSOURCING, LLC, and DOES 1 to 50, inclusive, | **PROOF OF SERVICE** |
| Defendants. | |

I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 401 West "A" Street, Suite 2600, San Diego, California 92101-7913. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 27, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s): **RSM McGLADREY FINANCIAL PROCESS OUTSOURCING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM AGAINST HOOT WINC, LLC** in a sealed envelope, postage fully paid, addressed as follows:

|   |   |
|---|---|
| 1 | |
| 2 | Michael Q. Eagan, Esq. |
|   | Michael J. Avenatti, Esq. |
| 3 | Alexander L. Conti, Esq. |
|   | EAGAN O'MALLEY & AVENATTI, LLP |
| 4 | 450 Newport Center Drive, Second Floor |
|   | Newport Beach, CA  92660 |
| 5 | Telephone:   949.706-7000 |
|   | Facsimile:    949.7067050 |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 27, 2008, at San Diego, California.

_____
Genie W. Jones, CCLS