UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOT WINC, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>RSM McGLADREY FINANCIAL PROCESS OUTSOURCING, LLC, and DOES 1 to 50, inclusive,<br><br>         Defendants. | Case No. 08cv1559 BTM (WMc)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER WITH SHARING PROVISION**<br>**[Doc. No. 23]** |

**I. INTRODUCTION AND PROCEDURAL BACKGROUND**

Plaintiff Hoot Winc, LLC, is Hooters restaurant franchisee. On or about June 6, 2008, Plaintiff filed a breach of contract and professional negligence action in the Superior Court of California, County of San Diego, against Defendant RSM McGladrey Financial Process Outsourcing, LLC. [Doc. No. 1 at 4.] Defendant provides professional accounting and financial services to businesses. On August 22, 2008. Defendant removed the state court action to the United States District Court for the Southern District of California. [Doc. No. 1.]

On November 19, 2008, the Court held a telephonic Case Management Conference in the above-entitled action. During the course of the teleconference, the Court discussed the parties' intention to meet and confer regarding the content of a proposed protective order in the case. [Doc. No. 21 at 2:12-22.]   Specifically, the parties voiced disagreement over Plaintiff's proposed inclusion of a sharing provision in the protective order. In the event consensus could not be reached after meeting and conferring, the Court directed the parties to file briefs on the propriety of a sharing

provision in this case. *Id.* Accordingly, On December 5, 2008, Plaintiff filed its brief requesting the Court enter a protective order with a sharing provision. [Doc. No.23.] On December 12, 2008, Defendant filed its opposition brief. Doc. No. 25.] On December 19, 2008, following a telephonic status conference, the Court permitted the parties to file reply briefs no later than January 14, 2009. [Doc. Nos. 27, 31 and 32.]

**II. ARGUMENTS**

    **A.    Plaintiff Requests Sharing Provision in Initial Protective Order to Increase Efficiency, Accuracy and Preservation of Future Discovery**

Plaintiff argues a sharing provision is appropriate at the outset of this case to promote the public interest in achieving efficiency and full disclosure during discovery. [Doc. No. 23 at 2:10-21.] Plaintiff contends the incorporation of a sharing provision not only advances the public interest but may ultimately serve the interests of justice in that a sharing provision may benefit the preservation of evidence. [Doc. No. 31 at 2:16-20.] Acknowledging Defendant's interest in maintaining the confidentiality of sensitive information such as trade secrets, Plaintiff proposes: (1) limiting the disclosure of discovery to be shared to counsel in similar cases, who agree to be bound by the protective order and (2) providing Defendant with copies of stipulations to abide by the protective order executed by attorneys in similar litigation. [Doc. No. 23 at 5:1-8.]

    **B.    Defendant Opposes Sharing Provision Where No Pending, Collateral and Relevant Litigation Has Been Identified By Plaintiff For the Court to Assess**

Defendant requests the Court enter the Approved Form of Protective Order found at Appendix A of the Local Rules for the United States District Court, Southern District of California. [Doc. No. 25 at 2:2-5.] Defendant opposes Plaintiff's request to include a sharing provision in the *initial* protective order the parties are designing to govern the exchange of confidential information in this action because: (1) there is no similar litigation pending, and (2) to allow such a provision would circumvent the Court's duty to assess the relevance of the discovery sought as well as the similarity of the collateral action at issue. [*Id.* at 2:7-22; Doc. No. 32 at 4:3-9.] Defendants note the concern about evidence preservation is not at issue here, nor is preservation of evidence a consideration for courts tasked to determine the propriety of a sharing provision in a case where no

collateral litigation is pending. [Doc. No. 32 at 3:10-4:2.]

**III. DISCUSSION**

As recently as December 5, 2008, the United States District Court for the Southern District of California has addressed the issue of whether to include a sharing provision in a protective order at the outset of a case. *See Kelly v. Provident Life and Accident Ins. Co.*, 2008 WL 5132851 (S.D. Cal.). In *Kelly*, the parties stipulated to enter into a protective order yet disagreed as to whether a sharing or non-sharing protective order should be entered at the start of the case. *Id.* at *1. In *Kelly*, as in the instant case, Plaintiff's counsel requested a sharing provision without identifying any actual and pending collateral litigation with which confidential discovery would be shared. *Id.* at *3. Guided by the principles and procedure set forth by the Ninth Circuit in *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003), the *Kelly* Court discussed the procedural and substantive pitfalls inherent in allowing a sharing provision in an *initial* protective order, as opposed to allowing modification of a protective order at a later date to accommodate sharing with a similar case. *Id.* at *2-*3.

To begin, the *Kelly* court reviewed the procedural basics discussed in *Foltz,* noting: "As an initial matter, the collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein. Requiring a showing of relevance prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding." *Id*. at *2 (quoting *Foltz*, 331 F.3d at 1132).

The *Kelly* court also identified the determinations the issuing court must make before modifying a protective order to provide for sharing in collateral litigation, stating: "Before deciding to modify the protective order, the issuing court must consider the relevance of the protected discovery to the collateral litigation, and must 'weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery.' (quoting *Foltz*, 331 F.3d at 1133.) Even if the issuing court decides to modify the protective order, however, it does not determine whether the collateral litigant will ultimately obtain the discovery materials. Rather, any 'disputes over the ultimate discoverability of specific materials

covered by the protective order must be resolved by the collateral courts." *Id*. at *2 (quoting *Foltz*, 331 F.3d at 1133).

After considering the principles and procedures enunciated in *Foltz*, the *Kelly* Court found that by seeking to enter a protective order with a sharing provision at the start of the case with no identification of collateral litigation, the Plaintiff sought "to circumvent all of the above principles and procedures by including, in the instance, a 'sharing' provision in the protective order . . . In other words, Plaintiff seeks the ability to share confidential documents . . . with collateral litigants without needing to seek to modify the protective order and obtain a relevancy determination from the Court, and without requiring the collateral courts to resolve any disputes which may arise with respect to discoverability of the materials in collateral cases." *Id.* Accordingly, the *Kelly* court declined to enter Plaintiff's proposed protective order with sharing provision at the outset of the case explaining:

> "Plaintiff's proposed protective order contemplates that *Plaintiff* would determine to whom any confidential documents would be provided. . . . Such a procedure, obviously, would interfere with this Court's duty to undertake the relevancy inquiry dictated by *Foltz*. Moreover, not only have the collateral litigants not even been specifically identified, but such litigants would, under Plaintiff's proposal, not be required to make any showing of relevance. This interferes with the requirement in *Foltz* that the *collateral litigant* demonstrate to the Court the relevance of the protected discovery to the collateral proceedings."

*Id.* at *3. (emphasis in original.)

As in *Kelly*, Plaintiff in the instant matter has identified no collateral litigation for the Court to consider in assessing the request for a sharing provision . Without this crucial information, the Court is unable to employ the relevance and balancing tests required by the Ninth Circuit in *Foltz* in order to sanction a protective order that incorporates a sharing provision. *Foltz*, 331 F.3d at 1132. The *Phillips v. Goodyear Tire & Rubber Co.* case cited by Plaintiffs is inapposite and does not support the policy argument Plaintiff seeks to make. The Court in *Phillips* had no occasion to address the propriety of entering a protective order with a

sharing provision at the outset of a case because the plaintiff's in five collateral litigations sought leave to intervene in the *Phillips* case long after a protective order with a non-sharing provision was issued. *Phillips v. Goodyear Tire & Rubber Co.*, 2008 WL 755901 at *2. Here, the primary issue for the Court to decide is whether a sharing or non-sharing protective order should be entered in the first instance, not upon modification.

### IV. CONCLUSION AND ORDER THEREON

Plaintiff's motion to enter a protective order with sharing provision is **DENIED.** The Court declines to enter such an order in light of Plaintiff's failure to identify any collateral litigation which would warrant a sharing provision. As thoroughly discussed in *Kelly*, to do so would improperly circumvent the procedures, policies and safeguards articulated by the Ninth Circuit in *Foltz*.

**IT IS SO ORDERED.**

DATED: February 5, 2009

_WMcCurine Jr._
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court