UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOT WINC, LLC, | ) Case No. 08cv1559 BTM (WMc) |
| Plaintiff, | ) **RULING RE: PLAINTIFF'S** |
| v. | ) **PRIVILEGE LOG AND APPLICATION** |
| RSM McGLADREY FINANCIAL PROCESS OUTSOURCING, LLC, and DOES 1 to 50, inclusive, | ) **OF PRIVILEGES** |
| Defendants. | ) |

## I. INTRODUCTION

### A. Procedural History

On September 28, 2009. The Court held a telephonic discovery conference. [Doc. No.74.] The Court permitted letter briefing regarding a) the adequacy of Plaintiff's privilege log; and b) the applicability of the work product privilege to billing records and reports conducted by CBIZ. *Id.* After conducting and in camera review of documents as well as careful consideration of the briefing and exhibits provided by the parties, the Court orders production of some of the documents identified herein.

### B. Plaintiff's Argument

Plaintiff contends Third Party tax consultant CBIZ/Mayer Hoffman McCann has produced all the documents in its possession regarding its engagement by Hoot Winc with the exception of 16 documents produced for *in camera* review, which Plaintiff contends are protected by the attorney-client or attorney-work product privileges. Plaintiff asserts Defendant

seeks to take unfair advantage of the work performed by CBIZ in anticipation of litigation. Plaintiff also argues the sufficiency of its privilege log, asserting that all information available to it was disclosed in the privilege log, thereby establishing its sufficiency as a matter of law.

**C. Defendant's Argument**

Defendant contends no claim of privilege attaches to the documents in CBIZ's possession and instead assert CBIZ's billing records and reports are directly relevant to Hoot Winc's damages claim based upon fees paid to CBIZ to remedy alleged accounting/book-keeping mistakes made by Defendant and therefore, must be produced. Defendant further argues any privilege which may have attached to the financial reports and billing records at issue are waived by virtue of Plaintiff's materially deficient and inadequate privilege log.

## II. DISCUSSION

**A.    Attorney-Client Privilege Does Not Apply**

The attorney-client privilege "protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice." *Evergreen Trading, LLC v. United States*, 80 Fed. Cl. 122, 128 (2007); *See also Genentech, Inc. V. U.S. Intern. Trade Com'n,* 122 F.3d 1409, 1415 (1997); *Am. Standard Inc. V. Pfizer, Inc*, 828 F.2d 734, 745 (1987). In order for the privilege to attach, the elements of the attorney-client privilege must be met. The elements are: (1) The asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers; c) for the purpose of securing primarily either (i)an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) Not waived by the client. *See* 8 Wright & Miller, Fed. Prac & Proc., Civ. 2d § 2017, p. 2 (quoting *U.S. v. United States Shoe Machinery Co.*, 89 F.Supp. 357, 358, D.C. Mass. (1950)) Because the privilege withholds relevant information from the fact-finder, the attorney-client privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made

absent the privilege." *Fisher v. United States*, 840 F.2d 1424, 1428 (1988) (citing *United States v. Osborn,* 561 F.2d 1334, 1339 (9th Cir. 1977)).

Plaintiffs claim that attorney client privilege protects all their submitted documents from disclosure. In particular, Plaintiff contends the retainer agreement between accountants Mayer Hoffman McCann PC ("Mayer") and Eagen O'Malley & Avenatti, LLP is protected under the attorney-client privilege.[1]

However, the Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine. *Ralls v. United States,* 52 F.3d 223, 225 (1995); *See also United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995); *In re Michaelson*, 882 F.2d 882 (9th Cir. 1975.) Because the attorney-client privilege has not been applied to retainer agreements, Plaintiff's document 1 is not protected by that privilege.

The attorney-client privilege is also inapplicable to documents 2 through 16. Mayer Hoffman McCann PC has been retained by Eagen O'Malley & Associates, LLP to aid in Plaintiff's case. All the notes, reports and data compiled by Mayer have been taken from documents and correspondence between Plaintiff and Defendant. The underlying communications have already been disclosed to both parties, and the attorney-client privilege does not apply. However, because several documents were created by Mayer in anticipation of litigation and help form Plaintiff's litigation strategy, the work product privilege is applicable to some as explained in detail below.

**B.    Parameters and Application of the Work Product Doctrine**

Some of the subject documents involve invocation of the attorney work product doctrine and is not a matter of substantive privilege; therefore, we look to federal law, not state law, to resolve the issue. The Court must apply Federal Rule of Civil Procedure 26(b)(3) and Federal Rule Of Evidence 612(2). *Connolly vs Victor Technologies 114 FRD 89,95 (S. D. California, 1987).* The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *In re Grand Jury Subpoena*, 357 F.3d 900 (2004) *citing Admiral Ins.*

---

[1] Retainer Agreement is labeled as Plaintiff's Document No. 1

*Co. V. United States District Court*, 881 F.2d 1486, 1494 (1989). Protected documents may only be ordered produced upon an adverse party's demonstration of "substantial need for the materials" and "undue hardship [in obtaining] the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26 (b)(3).

In order to qualify for protection under Rule 26(b)(3) the documents must have two characteristics: (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared 'by or for another party or by or for that other party's representative.'" *In re California Pub. Utils. Comm'n*, 892 F.2d 778, 780-81 (1989)(quoting *Fed.R.Civ.P.* 26(b)(3)). In determining whether litigation is "anticipated" for purposes of protection under the work product doctrine, the Ninth Circuit has applied the "because of" standard. The "because of" standard does not consider whether litigation was a primary or secondary motive behind the creation of the document. Rather, it considers the totality of the circumstances and affords protection when it can fairly be said that the "document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation." *In re Grand Jury Subpoena,* 357 F.3d 900, 908 (2004), (quoting *United States v. Adlman,* 134 F.3d 1194, 1195 (2nd Cir. 1988)).

It appears from examination documents 2 through 4 and 6 through 13 were created in "anticipation of litigation" and are protected from disclosure by the work product doctrine. Documents 1, 14, 15 and 16 are not covered by either the attorney-client privilege or attorney work product privilege and are discoverable.

| Document Number | Description | Protection |
|---|---|---|
| 1 | Retainer Agreement between Mayer and EMA dated 6/27/08 | **Not Protected**--Retainer Agreements are not protected under either the attorney-client privilege or work product doctrines. *United States v. Blackman,* (1995) 72 F.3d 1418, 1424. |

| 2 | Report outline | **Work product privilege applies**--Document outlines Plaintiff's allegations and supporting evidence. |
|---|---|---|
| 3 | Plaintiff's Report dated 6/17/06. Date appears to be a typographical error (references within document to emails dated after 6/17/06) | **Work product privilege applies**-- Identifies and summarizes email correspondence according to issue. |
| 4 | Report regarding relationship between Plaintiff and Defendant and Defendant misconduct | **Work Product Privilege applies**-- Details overview, discussion, findings and evidence in support of litigation. |
| 5 | Mayer billing records | **Not Protected** under attorney-client privilege–factual communication between attorney and client; no legal advice sought. Work product privilege is also inapplicable. The billing statements not made in support of litigation or trial. |
| 6 | Bank reconciliations for different store locations (2/06-11/06) | **Work product privilege applies**--Breaks down the amount of unreconciled transactions for each store per month. |
| 7 | Recorded transactions/observations regarding Plaintiff's Anaheim store | **Work product privilege applies**--Looks at approximately six isolated transactions and records observations. |
| 8 | Summary of email correspondence | **Work product privilege applies**– Organizes emails according to legal issue. |

| 9  | Brief outline of legal issues. | **Work product privilege applies**– Briefly outlines arguments involving Defendant, progression of events. |
|----|---|---|
| 10 | Notes regarding account reconciliations | **Work product privilege applies**– Details allegations, outline of service agreement between Plaintiff and Defendant. |
| 11 | Notes regarding accounts payable | **Work product privilege applies**--Details issues, allegations, outline of service agreement between Plaintiff and Defendant. |
| 12 | Report regarding data upload errors | **Work product privilege applies**--The report outlines the issues and outlines the relevant email communications and documentary evidence, Plaintiff's logs and relevant emails. |
| 13 | Notes on emails concerning loan transactions. | **Work product privilege applies**– Outline of correspondence regarding loans/invoices. |
| 14 | Search record of Plaintiff's electronic files (Most lack subject heading, when sent) | **Not protected**– Attorney client privilege does not apply. This is simply a list of electronic file folders. Work product privilege does not apply–underlying information has not been modified in any way and does not reveal Plaintiff's litigation strategy. |
| 15 | Search record of Plaintiff's electronic files (same as above) | **Not protected**– Attorney client privilege does not apply. This is simply a list of electronic file folders. Work product privilege does not apply–underlying information has not been modified in any way and does not reveal Plaintiff's litigation strategy. |

| 16 | Search record of Plaintiff's electronic files (same as above) | **Not protected**– Attorney client privilege does not apply. This is simply a list of electronic file folders. Work product privilege does not apply–underlying information has not been modified in any way and does not reveal Plaintiff's litigation strategy. |

### C.  Parameters of an Adequate Privilege Log

"When a party withholds information...by claiming that it is privileged...the party shall make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." *Evergreen Trading, LLC v. United States*, 80 Fed. Cl. 122, 126 (2007), (quoting *RCFC* 26(b)(5).)

Although Rule 26(b)(5) fails to contain an explicit prohibition against boilerplate assertions of privilege, it requires a proper assertion of privilege be more specific than generalized.  The advisory committee notes accompanying Rule 26(b)(5) note that the nature of the notice required is explicitly left indeterminate: "The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection." The notes also provide that there may be certain situations in which details would not be appropriate or unduly burdensome. Still, the "party must...provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection." In interpreting Rule 26(b)(5) however, the Ninth Circuit has determined boilerplate assertions in a privilege log are insufficient to invoke an evidentiary privilege. In *Burlington Northern & Santa Fe Station v. United States District Court for the District of Montana*, 408 F.3d 1142, 1149 (2005), the Court held boilerplate objections or blanket refusals inserted into a response to a request for production of documents are insufficient to assert a privilege. Despite both the inadequacies and untimeliness of the privilege log, the *Burlington* court found a *per se* waiver was inappropriate.

While an inadequate privilege log may be the basis for disallowing a privilege, such a

finding resembles a sanction and should be weighed in terms of the intent of the party producing the defective log and against the harm caused by the disclosure of what otherwise might be privileged documents. *See Evergreen,* at 126. In *Burlington*, the Ninth Circuit rejected a *per se* rule of disclosure for an inadequate privilege log in favor of obtaining additional information from the plaintiff. *See Burlington, supra at* 1149.

Here, Plaintiff's privilege log is inadequate. Plaintiff fails to explain why both the attorney client and work product privileges are applicable to each document submitted for review. More importantly, because work product privilege is claimed for every document, the plaintiff needed to show each document was created in anticipation of litigation. The log does not designate the authors of the documents, the recipients of the documents, or when the documents were created.[2] Plaintiff acknowledges this deficiency and claims the information is not available. Plaintiff's complaint was filed on August 22, 2008. Plaintiff's current attorney Eagan O'Malley & Avenatti, LLP retained Mayer on June 27, 2008 to consult regarding Plaintiff's alleged damages relating to the litigation. Therefore, some of the documents submitted for *in camera* review would necessarily have been created in anticipation of litigation. However, Mayer was initially hired by Plaintiff's previous attorney Justin Johl from Shook, Hardy & Bacon.[3] Plaintiff's have not provided any documentation as to when Mr. Johl was retained or when Mr. Johl retained Mayer. When examining the contents and organization of documents 2 through 4 and 6 through 13, it seems apparent that they were prepared in 'anticipation of litigation' because the created documents have rearranged all their available evidence according to legal issue. In addition, several of the documents clearly relate to Plaintiff's litigation strategy. Because Plaintiff claims the dates and authors of the submitted documents are unavailable, Plaintiff submit appropriate affidavit(s), presumably from Alexander L. Conti of Eagan O'Malley & Avenatti and Plaintiff's initial lawyer Justin Johl of Shook, Hardy & Bacon attesting that Mayer was retained to consult and prepare documents for such a purpose. An affidavit from the Mayer representative in charge of the project is also necessary.

---

[2] Documents 1 and 3 are the only dated documents.

[3] Plaintiff's Ltr Brief dated 10/9/09 (Page 3)

Furthermore, The court has ordered Plaintiff to produce documents 1 through including 5 and 8 through 16 identified on its privilege log. It is the Court's ruling the work product privilege does not apply to these documents.

Finally, the Court believes that the work product privilege does apply to documents 6 and 7 as described by Plaintiff in its privilege log. However, Plaintiff's experts cannot rely upon, consider or otherwise use these documents without waiving the privilege.[4] *See Federal Rule of Evidence 705.* If Plaintiff's experts rely upon, consider or use documents 6 or 7, Plaintiff must produce those documents to Defendant immediately upon determining it will have one or more of its experts rely upon, consider or use these documents. Plaintiff must make the determination whether its experts will rely upon, consider or use documents 6 or 7 no later than **December 1, 2009.** Furthermore, Plaintiff must allow Defendant at least two weeks after delivery of the documents to Defendant to allow Defendant adequate time to prepare to take the depositions.

### III. CONCLUSION AND ORDER THEREON

In accordance with the Court's findings expressed above, Plaintiff is ordered to produce the documents listed above **pursuant to the protective order** in place in the above-entitled matter no later than five (5) court days following the date of this Order.

**IT IS SO ORDERED.**

DATED: November 4, 2009

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

---

[4]This ruling, of course, applies to any and all documents the Court has deemed privileged that Plaintiff's expert(s) rely on, use or consider.