UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HOOT WINC, LLC,

Plaintiff,

v.

RSM McGLADREY FINANCIAL PROCESS OUTSOURCING, LLC, and DOES 1 to 50, inclusive,

Defendants.

Case No. 08cv1559 BTM (WMc)

**RULING FOLLOWING *IN CAMERA* REVIEW DENYING APPLICATION OF ATTORNEY-CLIENT PRIVILEGE TO JANUARY 8, 2007 EMAIL**

## I. INTRODUCTION

### A. Procedural History

On June 2, 2010, the Court held a telephonic discovery conference. [Doc. No. 141 - Transcript of Proceedings] Alexander Conti, Esq., appeared for Plaintiff. Kathleen Nemechek, Esq., appeared for Defendant. At the discovery conference, the Court directed Defendant to provide its privilege log and the document addressed therein to the Court for *in camera* review and a determination on whether the document is covered by attorney-client privilege. [*See* Doc. No. 141 at pp. 3:21-5:24.]

### B. Plaintiff's Arguments

Plaintiff argues the email message identified in the privilege log is not an attorney-client privileged document because it is an internal email authored by a non-lawyer to two other employees of the company who are also non-lawyers. Plaintiff contends no privilege has attached to the document because a lawyer did not send or receive the communication. Further,

Plaintiff argues assuming *arguendo* the document is privileged, the privileged has been waived by virtue of delayed production. Specifically, Plaintiff notes Defendant responded to its Document Requests, Sets One and Two on February 23, 2009 and January 11, 2010, respectively, yet it did not produce a privilege log until May 17, 2010.

**C. Defendant's Arguments**

Defendant contends the document identified in its privilege log is protected from disclosure as an attorney-client privileged document under *Zurich Am. Ins. Co. v. Superior Court*, 155 Cal. App. 4th 1485 (2007) (acknowledging the California court's broad construction of the attorney-client privilege in the corporate context to allow various levels of employees to convey legal advice to other non-lawyers within the company without losing the privilege.) Specifically, Defendant argues the document is an internal communication between company employees which addresses legal advice and, therefore, qualifies for the privilege even though an attorney is not copied on the communication.

Defendant urges the Court to find, in light of the extensive discovery process undertaken in the instant case, that any delay in producing the privilege log does not waive the privilege asserted. Defendant also contends Plaintiff did not request a privilege log until mid-April of 2010 after which the log was provided on May 17, 2010.

## II. STANDARD OF REVIEW

**Attorney-Client Privilege**

In this diversity litigation, the Court looks to the law of the forum state, California, to guide its analysis of applicable privileges. *First Pacific Networks, Inc. v. Atlantic Mutual Ins. Co.*, 163 F.R.D. 576 (N.D. 1995). Privileges in general are narrowly construed under California law. *People v. Sinohui*, 28 Cal. 4th 205, 212 (2002)(noting the preference toward narrow construction due to the fact privileges prevent the admission of relevant evidence). Similarly, federal courts have also observed the attorney-client privilege should apply "only when necessary to effectuate its limited purpose of encouraging complete disclosure by the client." *Tornay v. Unites States*, 840 F.2d 1424, 1428 (1988) (citing *United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977)).

Specifically, under California Evidence Code § 952, a confidential communication between

client and lawyer is defined as "information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship." Cal. Evid. Code § 952; *see also* Cal. Evid. Code § 954 (establishing privilege to refuse to disclose confidential communications between client and lawyer; Cal. Evid. Code § 912 (establishing waiver upon disclosure to third-persons).

The California Court of Appeal addressed in detail the scope of the attorney-client privilege in a corporate context in *Zurich Am. Ins. Co. v. Superior Court*, 155 Cal. App. 4th 1485 (2007). The Court of Appeal recognized the attorney-client privilege extends to confidential communications between business associates or agents of a party when such disclosure is reasonably necessary to further the purpose of legal consultation or to implement the advice of lawyers. *Id.* at 1495-1498. However, the Court of Appeal made clear "the first relevant inquiry is whether the document contains a discussion of legal advice or strategy of counsel...." *Id.* at 1503. The Court of Appeal went on to explain "[i]f [the documents] do not, there is no privilege. If legal advice is discussed or contained in the communication between [] employees, then to that extent, it is presumptively privileged." *Id.* at 1502. The Court of Appeal also noted additional limitations on the application of the attorney-client privilege stating: "[Defendant] may not shield facts, as opposed to communications from discovery. Any relevant fact may not be withheld merely because it was incorporated in to a communication involving an attorney." *Id*. at 1504.

## III. DISCUSSION

After the Court's *in camera* review of the documents, and in light of the case law addressed above, the Court finds the document identified in Defendant's May 17, 2010 privilege log is not privileged. The email message does <u>not</u> contain a discussion of legal advice or strategy of counsel. Under California law, no presumption of privilege applies. As the court in *Zurich* rightly noted, "communications between corporate officers or employees transacting the general business of the company do not attain privileged status solely because in-house or

outside counsel is 'copied in' on correspondence", or as is the case here, is merely mentioned by name in an internal email. *Zurich*, 155 Cal. App. 4th at 1504.

Even if the Court had found the privilege applies, Defendant's claim of privilege has been waived. In *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149-50 (9th Cir. 2005), the court delineated the following factors to evaluate when deciding whether a privilege has been waived:

> "[U]sing the 30-day period as a default guideline, a district court should make a case-by-case determination [as to waiver of privilege], taking into account the following factors: the degree to which the objection or assertion of the privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. They should not be applied as a mechanistic determination of whether the information is provided in a particular format."

*Id.* at 1149.

After applying a holistic evaluation of the facts at hand, the *Burlington* court found a waiver where the log was served five months late, the defendant was a sophisticated litigant, and the production was not overly burdensome in that many of the documents at issue were previously produced in a prior lawsuit. *Id*. at 1149-1150.

Here, the Court has examined Defendant's privilege log, the document identified therein and both sets of responses to Plaintiff's document requests. After analyzing the content of the document requests and the subject matter of the document in the privilege log, it is clear the

document at issue is in response to the various types of documents sought in Plaintiff's broad First Request for Production of Documents as opposed to its more pointed Second Request for Production of Documents. Given the fact the First Request for Production of Documents was served on February 23, 2009, a privilege log should have been presumptively served no later than March 25, 2009. The Court has found no cause exists to justify the service of this privilege log more than one year after its presumptive due date. The privilege log identifies only one document which is one page in length. Although the Court recognizes production has been voluminous in this case, it does not excuse the inability to produce a single, one-page document earlier than one-year after the request for production seeking it. Accordingly, if a privilege had shielded the document at issue, the privilege would ultimately be deemed waived. The purported privilege would be waived only as to this specific document. No subject matter waiver is herein implicated.

## IV. CONCLUSION AND ORDER THEREON

For the reasons articulated above, the Court hereby **ORDERS** Defendant to produce the document identified in the May 17, 2010 privilege log to Plaintiff **on or before June 25, 2010.**

**IT IS SO ORDERED.**

DATED: June 11, 2010

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court