UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOT WINC, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>RSM McGLADREY FINANCIAL PROCESS OUTSOURCING, LLC, and DOES 1 to 50, inclusive,<br><br>          Defendants. | Case No. 08cv1559 BTM (WMc)<br><br>**RULING RE: DESIGNATION OF HANSEN AND SUPPLEMENTATION OF WITNESSES** |

## I. INTRODUCTION

The Court has been called upon to decide two issues. First, whether to grant Defendants' motion to strike Plaintiff's third supplemental disclosure under Federal Rule of Civil Procedure 26. Second, whether to grant Defendants' motion to compel production of a report and other materials relied upon by Plaintiff's witness, Coral Hansen, as those materials were used to refresh her recollection before her deposition taken in this state.

**A. Summary of Issues:**

This litigation arises out of a malpractice claim by Plaintiff against the Defendant accounting firm. On or about July 8, 2010, Plaintiff served its third supplemental disclosure pursuant to Federal Rule of Civil Procedure 26. In that third supplementation, Plaintiff identified as witnesses seven individuals who had worked as managers in Plaintiffs' Hooters restaurant in 2006.

In addition, Plaintiff retained the services of a third party, CBIZ / Mayer Hoffman McCann ("MHM"), to perform a review and audit of accounting services previously rendered by Defendants. Accordingly, MHM assembled a project team, supervised by Ms. Coral Hansen ("Hansen"), who is not designated as an expert and has testified by way of deposition in this case as a lay witness. *See* Hansen Depo. 28: 7-9. During the course of the project, Hansen produced several reports, presumably regarding her findings as to the accounting practices of Defendants. *See* Hansen Depo. 64: 4-9. The question for decision is whether this Court should order Plaintiffs to disclose these reports. Defendants offer two principal arguments in support of this contention. First, because of Hansen's status as a "forensic accounting expert", and the nature of her employment with MHM, Defendants argue Hansen's role is that of a *de facto* expert witness, and consequently, any documents prepared and relied upon by Hansen should be disclosed pursuant to Fed. R. Civ. Proc. 26(a)(2)(B). *See* Hansen Depo. 11: 5-6. Second, notwithstanding Hansen's designation as a lay witness, Defendants argue any work product privilege that otherwise applies was waived when she used these reports to refresh her recollection before a deposition taken on June 22, 2010. *See* Fed. R. Evid. 612(2).

**B. Plaintiff's Third Supplemental Disclosure under Rule 26 Is Untimely.**

This complaint was filed on August 27, 2008. The Early Neutral Evaluation Conference was originally scheduled to be held on September 19, 2008. However, due to the unavailability of counsel, the conference was rescheduled to October 17, 2008.[1] The Conference did occur on that rescheduled date. The Court's order following the Conference was filed on October 28, 2008.[2] The disclosure requirements of Rule 26(a) were explained to counsel at the ENE conference, including the necessity of providing in their initial disclosures, the identity of all witnesses upon which the party would rely upon to prove its claims or defenses.[3] On November

---

[1] Docket ["Dckt"] Item No. 11.

[2] Dckt Item No. 15.

[3] Rule 26(a) (1) (A) states the party must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information... the disclosing party may use to support its claims or defenses...."

19, 2008 the Court issued an Order Following Case Management Conference.[4] The Order stated, among other things, "the parties shall exchange list of former employees who have relevant knowledge or information no later than December 10, 2008. The list shall indicate: a) the name of the former employee; b) title; c) job description; d) dates of employment; and e) management status if any." The order went on to say: "Counsel informed the court that the parties will exchange Rule 26 disclosures on or before January 12,. 2008." Furthermore, in deference to counsel's request, and in recognition of the complexity of the case, the Court has issued four Scheduling Orders. The Court Issued the Fourth Amended Scheduling Order on July 9, 2010.[5] The case has been vigorously litigated on both sides. On July 8, 2010, plaintiff served by mail its third supplemental disclosure pursuant to Rule 26. On July 8, 2010, the same day plaintiff served its third supplemental disclosure by mail, the Court held a telephone conference with the parties. Plaintiff never mention the additional seven witnesses nor its third supplemental disclosure in that telephone conference. Discovery closed on July 9, 2010. Defendants contend they did not receive the supplemental disclosure until July 12, 2010.

By letter brief dated August 9, 2010, Plaintiff opposes Defendants' motion to strike. In that letter Plaintiff argues Defendants knew about six of the seven witnesses because they are were identified as store general managers in documents Defendants produced. Plaintiff states: "For example, Defendant produced date stamp document FPO002657... which is part of a Profit and Loss Statement generated by Defendant." However, in that letter, Plaintiff provides no good cause or reasonable explanation as to why it failed to disclose the seven percipient witnesses until the day before discovery was to close, almost two years after the ENE Conference. Clearly, these percipient witnesses, who are current or former employees of Plaintiff, should have been disclosed in Plaintiff's initial disclosures under Rule 26(a). The fact that Defendants generated reports bearing the names of six of the seven witnesses does not relieve Plaintiff of its obligation to identify *its* witnesses as required by Rule 26.

Plaintiff also requests this Court defer ruling on this issue until time of trial and allow

---

[4] Dckt Item No. 21

[5] Dckt Item No. 150.

1  Defendants the opportunity to depose these seven witnesses.  In other words, Plaintiff wants to
2  burden Defendants with additional and costly discovery after the close of discovery; discovery
3  which the Court finds should have been done long before the discovery cutoff date.  Moreover,
4  Plaintiff gives no acceptable explanation for the very late designation of these percipient
5  witnesses about whom Plaintiff clearly had both knowledge and access. In addition Plaintiff's
6  request would eviscerate Federal Rule of Civil Procedure 37(c) which states in part: "If a party
7  fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not
8  allowed to use that information or witness... at trial, unless the failure was substantially justified
9  or is harmless." Plaintiff has not offered any good cause or substantial justification for its failure
10 to comply with Rule 26(a) or the subsequent orders of this Court regarding the disclosure of
11 witnesses.  Finally, Plaintiff has not demonstrated its delay is "harmless."  Therefore, the Court
12 **GRANTS** Defendants' motion to strike Plaintiff's seven witnesses.
13      **C. Did Plaintiff Waive the Work Product Privilege?**
14           **1. Hansen Is An Expert.**
15      The first part of the analysis is to determine whether Hansen is an expert. Plaintiff
16 contends Hansen is not an expert because plaintiff has not designated her as an expert and
17 because plaintiff does not intend to ask her whether Defendants' performance fell below the
18 standard of care.  Federal Rule of Evidence 701 distinguishes between lay and expert witnesses
19 with the following language: "if the witness is not testifying as an expert, the witnesses
20 testimony in the form of all opinions or inferences is limited to those opinions or inferences
21 which are (a) rationally based on the perception of the witness, (b) helpful to a clear
22 understanding of the witnesses testimony or the determination of a fact in issue, *and* (c) *not*
23 *based on scientific, technical, or other specialized knowledge within the scope of Rule 702*."
24 [Emphasis added.]  Federal Rule of Evidence 702 defines testimony by an expert with this
25 language: *"If scientific, technical, or other specialized knowledge will assist the trial of fact to*
26 *understand the evidence or to determine a fact in issue*, a witness qualified as an expert by
27 knowledge, skill, experience, training, or education, may testify thereto *in the form of an opinion*
28 *or otherwise....*" [Emphasis added.]  *U.S. v. Figueroa-Lopez,* 125 F 3d 1241 (9th Cir. 1997) is

instructive. In *Figueroa-Lopez* law enforcement officers, after observing the movement of the defendant, testified the defendant's behavior was consistent with that of an "experienced drug trafficker." *Id.* at 1244. Ruling that such testimony should have been admitted as expert testimony, the Ninth Circuit concluded such observations were "based on the perceptions, education, training, and experience of the witness." *Id.* at 1246. That reasoning applies with equal force in this case. Although plaintiff has designated Hansen as a percipient witness and *not* as a forensic accounting expert, she will unavoidably render opinions, observations, conclusions or statements based on her specialized education, training and experience. In other words, she will inescapably *function* as an expert. *See* Federal Rule of Evidence 702 and *Lopez-Figueroa,* at 1246. The only reason Hansen's testimony would be relevant is that her specialized knowledge, training and expertise allow her to identify accounting "errors" Defendants allegedly made and explain those errors to the trier of fact. Hansen will almost certainly make direct or indirect reference to generally accepted accounting principles, which she would only know about and be conversant in because of her specialized training, education and experience. That Hansen will not render an opinion as to whether Defendants performed below the standard of care does not place Hansen outside the ambit of Rule 702. Indeed, statements from Hansen's deposition support this conclusion: "[S]o, on one hand I'm identifying what happened so that I can fix it. And I'm also identifying that there were errors that have been made."[6]

### 2. Waiver of the Work Product Privilege

Plaintiff is correct in noting the Court has previously ruled Hansen's report was privileged.[7] However, the Court's previous ruling did not cloak Hansen's report with permanent invincibility. Although the report is privileged, the privilege can be waived. The issue is whether the privilege regarding Hansen's report has been waived on one or both of two separate grounds: (1) Hansen will be testifying at trial on Plaintiff's behalf in the capacity of a non-designated expert; and (2) Hansen (allegedly) used the report to refresh her recollection in

---

[6] Hansen deposition, pg. 42, ln. 18 - pg. 43, ln. 9

[7] *See* Court's Amended Ruling Re: Plaintiff's Privilege Log And Application of Privilege" issued on November 16, 2009. Dcket Item No. 93.

1 preparation for her deposition.

2 Because the documents at issue involve invocation of the attorney work product doctrine,
3 which is not a matter of substantive privilege [e.g., attorney-client privilege], we look to federal
4 law, not state law, to resolve the issue. *Connolly vs Victor Technologies,* 114 FRD 89, 95 (S. D.
5 California, 1987). The Court must apply Federal Rule of Civil Procedure 26(b)(3) and Federal
6 Rule of Evidence 612(2).

7 The work product doctrine[8], codified in Federal Rule of Civil Procedure 26(b)(3),
8 protects "from discovery documents and tangible things prepared by a party or his representative
9 in anticipation of litigation." *In re Grand Jury Subpoena,* 357 F.3d 900 (2004) (citing *Admiral
10 Ins. Co. v. United States District Court,* 881 F.2d 1486, 1494 (1989)). Protected documents may
11 only be ordered produced upon an adverse party's demonstration of "substantial need for the
12 materials" and "undue hardship [in obtaining] the substantial equivalent of the materials by other
13 means." Fed.R.Civ.P. 26 (b)(3).

14 In order to qualify for protection under Rule 26(b)(3) the documents must have two
15 characteristics: (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they
16 must be prepared 'by or for another party or by or for that other party's representative.'" *In re
17 California Pub. Utils. Comm'n,* 892 F.2d 778, 780-81 (1989)(quoting Fed.R.Civ.P. 26(b)(3)). In
18 determining whether litigation is "anticipated" for purposes of protection under the work product
19 doctrine, the Ninth Circuit has applied the "because of" standard.  The "because of" standard
20 does not consider whether litigation was a primary or secondary motive behind the creation of
21 the document. Rather, it considers the totality of the circumstances and affords protection when
22 it can fairly be said that the "document was created because of anticipated litigation, and would
23 not have been created in substantially similar form but for the prospect of litigation." *In re Grand
24 Jury Subpoena,* 357 F. 3d 900, 908 (9th Cir. 2004) (*quoting United States v. Adlman*, 134 F.3d
25 1194, 1195 (2nd Cir. 1988)).  "If the court orders discovery of those materials, it must protect
26 against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's

27

28 ────────────────

attorney or other representative concerning the litigation." F. R.C.P. 26(b)(3)(B).

As noted in the Court's earlier ruling, Hansen's report was protected by the work product privilege. However, there has been a limited waiver of that privilege.

A preliminary issue is whether the privilege has been waived because she will testify as a non-designated expert on behalf of Plaintiff. Federal Rule of Civil Procedure 26(a)(2)(B) requires disclosure of the reports of ***testifying experts*** as well as "the data or other information considered by the witness in forming [her opinions]...." *See also* Fed. R. Evid. 705 *("The expert may...be required to disclose the underlying facts or data on cross-examination."[9]*) Hansen has prepared a report and she will serve as a ***testifying expert***, although she will not testify regarding the standard of care. The thrust of the Federal Rules is open disclosure of experts' opinions, observations, conclusions, etc. to allow opposing counsel the opportunity and means to test the soundness of the witness' work, observations, findings, conclusions, and opinions. To the extent the report at issue reveals ***her own work product (or the product of her firm)*** the report is discoverable. *See B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York, Inc.,* 171 F.R.D. 57,62 (S.D.N.Y.,1997).

It may be that testifying did not completely vitiate Hansen's status as a ***consulting expert*** to ***testifying expert.*** There may be certain aspects of Hansen's work product which retain their consultancy character. "[D]ocuments having no relation to the expert's role as an expert need not be produced but... any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery." *B.C.F. Oil Refining,* at 62. The court in *B.C.F. Oil Refining* went on to explain:

> "It is conceivable that an expert could be retained to testify and in addition to advise counsel outside of the subject of his testimony. Under such a circumstance it might be possible to claim a work product privilege if this delineation were clearly made. Such is not this circumstance. Id. at 1014.

---

[9] The full text of Rule 705 reads: "The expert may testify in terms of opinion or inference and give reasons therefor without first testifying to the underlying facts or date, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination."

This principle was later applied in the case of *Detwiler v. Offenbecher,* 124 F.R.D. 545 (S.D.N.Y.1989). In that case, the defendant sought to compel documents reviewed by the plaintiff's expert for the purpose of proposing questions to a particular witness at a deposition. The court held that these documents did not have to be produced since they were unrelated to the expert's testimony. The court did state, however, that 'to the extent [the expert] reviewed documents in his role as an expert that he previously had reviewed in his role as consultant, the delineation between those roles would become blurred and those documents would be discoverable under *Beverage Marketing v. Ogilvy & Mather Direct Response, Inc.,* 563 F.Supp. 1013 (S.D.N.Y.1983).' " *Id.* [quoting *Detwiler* at 546.]

The Court agrees with this reasoning. Finally, the burden obviously rests on Plaintiff to establish any possible remaining consultancy status for discreet portions of Hansen's work product.

On the second issue as to whether the privilege was waived based on Hansen purportedly refreshing her recollection by reviewing her report, Federal Rule of Evidence 612 guides the Court's analysis.

"Except as otherwise provided in criminal proceedings by section 3500 of title 18, United States Code, if a witness uses a writing to refresh memory for the purpose of testifying, either-- (1) while testifying, or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness...."

It is apparent to the Court that Hansen has refreshed her recollection by at least "scanning" her report. Moreover, it is highly unlikely Hansen will testify at trial without refreshing her recollection. In any event Hansen's status as a testifying expert, at least in part, renders the issue of her refreshed recollection redundant, if not moot. Therefore, separate and apart from the analysis of Hansen as an expert witness, the materials she used to refresh her recollection are

1 discoverable. Defendants have demonstrated a "substantial need for the materials" and "undue
2 hardship [in obtaining] the substantial equivalent of the materials by other means." Indeed, the
3 evidence is clear Defendants cannot obtain the materials from any other source. Without these
4 materials, Defendants are substantially hampered in their ability to cross-examine Hansen and
5 test the soundness of her opinions, findings and observations.
6       Therefore, under Federal Rule of Evidence 612, Federal Rule of Civil Procedure
7 26(b)(3)and based on the interests of justice, the Court exercises its discretion in favor of
8 production of Hansen's report and the underlying data which she considered or used to enable
9 defense counsel to properly prepare for trial. Therefore, the Court **GRANTS** Defendants'
10 motion to compel the production of CBIZ documents. The documents at issue shall be produced
11 **no later than October 15, 2010.**
12       **IT IS SO ORDERED.**
13 DATED: September 29, 2010

                                                   Hon. William McCurine, Jr.
                                                   U.S. Magistrate Judge, U.S. District Court