1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| HOOT WINC, LLC, a Kansas limited liability company, | CASE NO. 08cv1559-BTM (WMc) |
| Plaintiff/Counter-defendant, | **ORDER DENYING PLAINTIFF'S REQUEST FOR DISCOVERY CONFERENCE / *IN CAMERA* REVIEW** |
| vs. | |
| RSM McGLADREY FINANCIAL PROCESS OUTSOURCING, LLC, et al., | |
| Defendant/Counter-claimant. | |

17

## I. INTRODUCTION

18
19
20
21
22
23
24
25
26
27

    On February 8, 2011, the Court received Plaintiff's letter request to schedule a discovery teleconference in the above entitled matter. Plaintiff seeks an *in camera* review of redacted documents produced by Defendant. Plaintiff and Defendant have been unable to informally resolve their dispute regarding redacted documents. Defendant objects to Plaintiff's request for a discovery conference on the ground that the four redacted documents at issue were produced to Plaintiff, in hard copy form and with clearly marked "Redacted" stamps, on July 2, 2009 - more than a year-and-a-half *before* Plaintiff raised the issue with the Court and one year *before* the close of discovery in this case. As explained herein, Plaintiff has failed to demonstrate the good cause necessary to support its extremely untimely request for judicial intervention. Accordingly, Plaintiff's request for a discovery teleconference and *in camera* review is **DENIED.**

28

## II. PROCEDURAL HISTORY

The instant case was removed to federal court more than two years ago on August 22, 2008. [Doc. No. 1.]  Since the removal of the action, the Court has presided over numerous discovery disputes as well as requests for extensions. [Doc. Nos. 38, 88, 89, 93, 106, 133, 135, 138, 141, 144, 149, 154, 155, 156, 183, 218, and 221.]  Indeed, on July 9, 2010, the Court signed a Fourth Amended Scheduling Order, *proposed by the parties* in this case, after consideration of their joint request for a limited discovery extension to complete witness depositions and on a showing of good cause. [Doc. No. 150.] In the Fourth Amended Scheduling Order, it clearly states, "All discovery except as otherwise allowed herein, shall be completed by all parties on or before **July 9, 2010."** [Doc. No. 150 at 2:6-7]

The Fourth Amended Scheduling Order is the binding and operative scheduling order for this case.  With respect to discovery disputes, it specifically states, "Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the close of discovery."[1]   [*Id*. at 2:11-15.].

## III. DISCUSSION

Rule 16 of the Federal Rules of Civil Procedure authorizes the Court to enter binding scheduling orders to help facilitate and control the pretrial phase of litigation.[2]   As expressly articulated in the Rule, these scheduling orders can be used to limit the time for filing dispositive motions, to limit the time for the completion of discovery, to limit the time for the identification of experts, and to set otherwise ordinary and necessary pretrial deadlines.[3]  Seeking to promote judicial

---

[1]On December 8, 2010, the Court allowed Defendant the opportunity to conduct a second deposition of a witness in this case due to the incomplete nature of her original deposition testimony, which was taken on June 22, 2010, *before* the July 9, 2010 discovery deadline had passed. [Doc. Nos 218, 221.]

[2]FED. R. CIV. P. 16; Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (explaining Rule 16's purpose).

[3] FED. R. CIV. P. 16.

economy, the purpose of Rule 16 is to compel federal courts to more forcefully manage their dockets.[4] The Ninth Circuit is highly protective of this particular rule, as it deems Rule 16 to be an essential tool for ensuring the practical functionality of the federal judiciary.[5]

Once entered, "[t]he scheduling order 'control[s] the subsequent course of action' unless modified by the court."[6] However, scheduling orders can properly be entered only "after consultation with the attorneys for the parties," and such orders "shall not be modified except by leave of court and upon a showing of good cause."[7] As the case law has unfolded, Rule 16(b)'s "good cause" standard primarily analyzes the diligence of the party seeking relief from the court.[8] Using diligence as its lynchpin for this analysis, the Ninth Circuit is willing to find "good cause" for modification when scheduling deadlines cannot be met despite a party's diligence.[9]

"Good Cause" exists for modifying a pretrial scheduling order if a party can prove "[the schedule] cannot reasonably be met despite the diligence of the party seeking the extension."[10] However, if the party seeking modification was not diligent in his or her pretrial preparations, the inquiry should end there and the measure of relief sought from the court should not be granted.[11] The party seeking to continue or extend a particular issue beyond the deadlines established in a court's

---

[4] See Johnson, 975 F.2d at 610.

[5] The Ninth Circuit's staunch commitment to the underlying policy of Rule 16 is most accurately captured by its conclusion in the Johnson case. "As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. We will not snatch it away and destroy [Rule 16's] effectiveness by requiring district courts to countenance the [non-diligent] practices exemplified by the facts of this case." Johnson, 975 F.2d at 610.

[6] Id. at 608 (citing FED. R. CIV. P. 16(e)).

[7] FED. R. CIV. P. 16(b) (emphasis added).

[8] Johnson, 975 F.2d at 609.

[9] Id. at 608 (citing 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990).

[10] Johnson, 975 F.2d at 609 (citing FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)); Zivkovic, 302 F.3d at 1087.

[11] Zivkovic, 302 F.2d at 1087.

scheduling order bears the burden of proving "good cause" for modifying the order.[12]

Here, the Court finds diligence and good cause have not been shown.  Plaintiff seeks relief from the court *nearly seven months after discovery has closed* concerning *documents produced to it a year-and-a-half ago in July 2009*.  There is no dispute that the documents were stamped "Redacted" at the time of production.   Despite the large volume of documents produced in this case, the Court finds Plaintiff had, at best, a year to review and assess the documents before the July 9, 2010 discovery deadline arrived.  Plaintiff has failed to offer any explanation for why these documents could not have been brought to the Court's attention before the discovery deadline (which had already been extended several times) passed.  Plaintiff's request for a discovery teleconference and *in camera* review of documents is unjustifiably late and for that reason is **DENIED.**

## IV.  CONCLUSION

In this case, Plaintiff fails to offer good cause for deviating from the discovery deadlines established in the Court's Fourth Amended Scheduling Order.  Plaintiff had access to the redacted documents for a year-and-a-half before raising the issue.  Further, Plaintiff's request comes seven months after the discovery deadline.  Accordingly, Plaintiff's request is **DENIED.**

**IT IS SO ORDERED.**

DATED:  February 18, 2011

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

---

[12]  See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); see also Johnson, 975 F.2d at 608.